JAMES O'DONNELL v. OMAHA, N. & B. H. R. Co.

[FILED MAY 6, 1891.]

Costs: INTEREST. The plaintiff having recovered judgment for $5,000 damages and costs, and having paid but $3.35 of the original costs, and the whole of the judgment and costs having been settled by the judgment debtor at the end of litigation after two years, *held*, that the judgment creditor is not entitled to interest on the taxable bill of costs.

ERROR to the district court for Platte county. Tried below before POST, J.

*W. A. & S. S. McAllister*, for plaintiff in error, cited: *Van Gelder v. Hallenbeck*, 2 N. Y. Supl., 252.

*W. R. Kelley*, contra, cited: *Rogers v. Burns*, 27 Pa. St., 525; *Gatewood v. Palmer*, 10 Humph. [Tenn.], 466; *Thompson v. Monrow*, 2 Cal., 99; *Douglass v. McCoy*, 24 W. Va., 722; *Galbraith v. Walker*, 95 Pa. St., 481.

COBB, CH. J.

The plaintiff in error alleges that on April 10, 1887, he recovered a judgment against the Omaha, Niobrara & Black Hills Railroad Company in the district court of Platte county for $5,000, and costs taxed at $358.05, which was brought on error to this court and affirmed at the July term, 1888. The defendant's application to the court below for a new trial, on the grounds of newly discovered evidence, was subsequently overruled, exceptions taken, and brought to this court on error, and affirmed at the July term, 1888. The final payment of the judgment was, by legal proceedings, delayed two years, when it was paid with seven per cent interest, the defendant refusing to pay to the plaintiff, or to the clerk of the court, interest on the taxable costs.

On January 28, 1889, the present action was entered in the district court of said county, under the following stipulation :

" Whereas, the plaintiff claims and asserts that interest should be allowed and paid by the defendant on all costs taxed against it from the date of judgment, viz., April 16, 1887, at seven per cent per annum;

"And whereas, defendant claims and asserts that the costs on this judgment draw no interest whatever :

" It is therefore mutually stipulated and agreed by and between the parties hereto that the question of paying interest on costs in this action be submitted to the judge of said district court for determination, subject to the right of either party to prosecute error to the supreme court.

"JAMES O'DONNELL,

"By W. A. and S. S. McALLISTER,

"*Attorneys for Plaintiff.*

"O., N. & B. H. R. R. Co.,

"By J. S. SHROPSHIRE,

"*Its Attorney.*"

On the trial it appeared from the evidence of the clerk of the district court that of the whole amount of the costs of suit the plaintiff had advanced and paid but $3.35, the original docket and sheriff's fee on the summons.    The defendant had settled all the costs at the end of proceedings.

The court found that the defendant, before this controversy arose, paid in full the costs, and that the same had been paid over by the clerk to the parties entitled thereto who are making no claim, but that this claim is by the plaintiff for his own benefit, who has no interest in the costs and is entitled to no relief, with judgment for defendant.

The plaintiff assigns as errors that the court erred in finding for defendant on the evidence, and erred in finding against the plaintiff on the law.

These assignments are overruled without unnecessary comment, and the judgment of the district court is

AFFIRMED.

THE other judges concur.